**Jerome L. GRIMES, Plaintiff–Appellant,**

v.

**BAY AREA RAPID TRANSIT, Police Department; et al., Defendants–Appellees.**

No. 05–16839.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

———

Jerome L. Grimes, San Francisco, CA, pro se.

Dale L. Allen, Jr., Esq., Lesley L. Novotny, Esq., Low Ball & Lynch, San Francisco, CA, for Defendants–Appellees.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM ***

Jerome L. Grimes appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging defendants violated his due process rights by failing to preserve exculpatory evidence in the form of a video surveillance tape. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), and we affirm.

■ The district court properly concluded that Grimes failed to create a triable issue as to whether defendants' destruction of the surveillance videotape amounted to a due process violation, because the evidence shows Grimes could have obtained exculpatory evidence by other reasonably available means, and Grimes failed to demonstrate that defendants acted in bad faith. *See United States v. Cooper*, 983 F.2d 928, 931 (9th Cir.1993) (stating requirements for due process claims arising from the government's failure to preserve evidence).

■ Because the district court properly dismissed Grimes's 42 U.S.C. § 1983 claim, the court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1143 n. 7 (9th Cir.2003).

Grimes's remaining contentions lack merit.

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.